UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

——————

KEITH TYRONE CUMMINGS,

                    Plaintiff,                           Case No. 1:11-cv-365

v.                                            Honorable Robert J. Jonker

MARK VENTOCILLA et al.,

                    Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Keith Tyrone Cummings presently is incarcerated at the Bellamy Creek Correctional Facility (IBC). He sues the following IBC employees: Optometrist Mark Ventocilla; Physician Assistant (PA) Larry Mason; Warden Kenneth McKee; Nurse M. Kauffman; Doctor Ghulam Dastgir; Nurse Supervisor Michael Hubbell; Nurse Practitioners Jay Guikema and Valoria Hammond; Grievance Coordinator R. Carpenter; Medical Provider Scott Holmes; Correctional Officer (unknown) Todd; and Assistant Resident Unit Supervisor (unknown) Beardslee.

According to the allegations of the complaint and the attached medical records, Plaintiff has had a persistent lump on his right upper eyelid since about 2004. (Ex. 2 to Compl., Page ID#41.) He had been prescribed medication during this period, which was not completely effective. (Ex. 4 to Compl, Page ID#78.) On March 9, 2009 Plaintiff was seen by Dr. Ghulam Dastgir at the Duane Waters Hospital specialty eye clinic. (Ex. 2 to Compl., Page ID#41.) At that time, Dr. Dastgir found that Plaintiff had a small chalazion[1] in his right upper eyelid. Plaintiff complained that the cyst drained every day. After a complete ophthalmologic examination, Dr. Dastgir prescribed Tobrex eye drops, four times per day. (*Id.*, Page ID#44.) Plaintiff was seen for follow-up on April 27, 2009 by Defendant PA Larry Mason. At the time of that visit, Plaintiff's right eye was puss-coated and the eyelids had to be pulled apart. (*Id.*, Page ID#45.) According to Plaintiff, Defendant Mason was rude to him, telling him that he was stupid and accusing Plaintiff of failing to clean his eye three times each day. Defendant pulled up Plaintiff's eyelid to expose the redness and then used

---

[1] A chalazion, also known as a Meibomian cyst, is a small tumor in the eyelid that is caused by the retention of tarsal gland secretions. MCGRAW-HILL DICTIONARY OF SCIENTIFIC & TECHNICAL TERMS 364 (6th ed. 2003).

a Q-tip and a liquid solution to rub against Plaintiff's eye.   Plaintiff asserts that Mason was unnecessarily rough and caused Plaintiff pain.  After the examination/treatment, Defendant Mason told Plaintiff that the lesion was gone.  Plaintiff's medication was changed to Gentamycin Sulfate, and Mason ordered a re-check in 48 hours, noting that a follow-up visit with the medical provider was pending.   Plaintiff complained that he could still feel the lesion while Mason rubbed on it.[2] Plaintiff questioned Mason about whether he was a licensed optometrist or ophthalmologist.

Plaintiff was given a referral to a private specialist, Dr. Michael Flohr.  He was seen by Dr. Flohr on May 6, May 15, May 22, June 5, June 11, June 23 and July 10, 2009.  Dr. Flohr diagnosed episcleritis.  Because Plaintiff had not fully responded to treatment, Dr. Flohr initially suspected a possible secondary infection.  After ruling out such an infection, Flohr prescribed a series of medications including Doxycycline, to which Plaintiff appeared to respond fairly well.  (Ex. 4 to Compl., Page ID##86, 89.)   However, when the problem was not completely resolved, Flohr recommended that he be referred to a cornea sub-specialist for a biopsy.  (Ex. 4 to Compl., Page ID#78.)   Plaintiff attaches records indicating that he was referred to a cornea specialist for an appointment on December 7, 2009.  (*Id.* at 80.)

Plaintiff alleges that his eye problem constitutes a serious medical need.  In support of that claim, he admits that he has "been seen by multiple doctors concerning his infection in his right eye . . . [and] has been seen by off-site medical doctors concerning his eye problem." (Compl., Page ID#10.)  Plaintiff claims that Defendant Mason, as a physician assistant, was unqualified to

---

[2] Plaintiff also has appended notations to the medical record of his April 27, 2009 visit.  In his notations, Plaintiff acknowledges that Mason's description of the visit is accurate, but Plaintiff complains that the record is incomplete because it did not report that Mason turned Plaintiff's eyelid inside out and prodded the small bump with a Q-tip. Notwithstanding Plaintiff's notation, Mason's record indicates that Plaintiff's eyelid was everted, which means it was turned inside out.  (Ex. 1 to Comp., Page ID#45.)

treat his eye, demonstrating deliberate indifference to Plaintiff's serious medical need. He also claims that Mason suggests that Mason deliberately caused him pain and possibly caused a secondary infection by his inexpert treatment. In addition, Plaintiff alleges that the statutes governing Defendant Mason's license as a physician assistant, MICH. COMP. LAWS §§ 333.13801 to 333.20500, bar him from determining the refractive state of a human eye or treating refractive anomalies of the eye. In sum, Plaintiff contends that Defendant Mason's treatment violated the Eighth Amendment and Michigan law.

For relief, Plaintiff seeks injunctive relief, together with compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949

(quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## A.    Supervisory Liability

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each

- 5 -

alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").  Plaintiff fails to name any Defendant in the body of his complaint other than Defendant Mason.  Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), *see Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)), his complaint must be dismissed against Defendants Ventocilla, McKee, Kauffman, Dastgir, Hubbell, Guikema, Hammond, Carpenter, Holmes, Todd, and Beardsley.

### B.    Eighth Amendment

Plaintiff's allegations against Defendant Mason also fail to state a claim.  The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes.  U.S. Const. amend. VIII.  The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976).  The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious.  *Id.*  In other words, the

inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006).

In the instant case, Plaintiff was seen by an ophthalmologist at a specialty clinic on March 9, 2009. He was diagnosed with a small cyst on his right eyelid. The ophthalmologist prescribed eye drops to be used four times per day. Plaintiff was seen by Defendant Mason for follow-up on April 27, 2009, at which time, Mason examined the eye and changed the type of drops to be applied. Plaintiff subsequently was referred to an outside specialist, Dr. Flohr, whom he initially saw on May 5, 2009, only a week after Mason's examination. Plaintiff thereafter had multiple visits and treatments with Flohr and was eventually referred to a corneal specialist for a biopsy. Such a documented and extensive course of treatment falls far short of demonstrating

deliberate indifference to Plaintiff's medical condition by Defendant Mason or any other medical provider.

Moreover, to the extent Plaintiff complains about Mason's rudeness and verbal abuse, he fails to state a claim.  Use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions.  *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997)(verbal harassment is insufficient to state a claim).  Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendant Mason arising from the alleged verbal abuse.

Plaintiff also appears to argue that Defendant Mason intentionally caused him pain and was unduly rough in his examination.  He appears to contend that Mason's conduct was malicious and sadistic, equivalent to a use of excessive force within the meaning of *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), *cited in Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010).  The Court is not aware of any case holding that a prisoner's allegation that a medical provider was excessively rough during treatment would support an Eighth Amendment claim under the analysis applied to an excessive-force claim under *Hudson*, 503 U.S. at 9.  Instead, the constitutionality of medical claims routinely is governed by the deliberate-indifference standard of *Farmer*, 511 U.S. at 834.

Moreover, even if such a claim were recognized in extraordinary circumstances, Plaintiff's allegations and the medical records attached to his complaint indicate that Plaintiff

- 9 -

deliberately sought medical treatment from Mason for a painful eyelid inflammation.  Mason was following up on the recommendations of an ophthalmologist in examining the effectiveness of the ordered treatment.  He pulled back Plaintiff's eyelid to determine whether the cyst was still observable.  The mere fact that Plaintiff now claims that Mason caused Plaintiff more pain during a necessary and requested examination than was required does not support a plausible claim that Mason acted deliberately to inflict pain.  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

### C.    State-Law Claims

To the extent that Plaintiff complains that Mason was not authorized to treat his eye infection under the Michigan licensing requirements, his claim is grounded solely in state law. Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Plaintiff's challenge to the enforcement of state law therefore fails to state a claim under § 1983.

Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over the state-law claim, the Court declines to exercise jurisdiction.  The Sixth Circuit routinely has held that, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state-law claims should be dismissed without reaching their merits.  *Landefeld v. Marion Gen. Hosp.*, *Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)).  Plaintiff's state-law claim therefore will be dismissed without prejudice.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:    June 30, 2011           /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE